UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL DEWAYNE COLEMAN,

      Petitioner,

                                             CASE NO. 03-CV-74880
v.                                        HONORABLE DENISE PAGE HOOD

HUGH WOLFENBARGER,

      Respondent.

_____/

## ORDER DENYING PETITIONER'S MOTION FOR CERTIFICATE OF APPEALABILITY

On May 26, 2005, the Court issued a Judgment and Order Adopting the Report and Recommendation of Magistrate Judge Paul J. Komives dismissing Petitioner's Writ of Habeas Corpus under 28 U.S.C. § 2254. Petitioner filed a Motion for Certificate of Appealability on August 10, 2005.

Before Petitioner may appeal the Court's dispositive decision denying his habeas petition, a Certificate of Appealability must issue. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). The Court must either issue a Certificate of Appealability indicating which issues satisfy the required showing, or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

A Certificate of Appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a prisoner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S.

473, 484 (2000). When a prisoner's habeas corpus petition is denied on procedural grounds, a Certificate of Appealability "should issue . . . if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Petitioner presented the following claims in his habeas petition: (1) the competent evidence was not sufficient to overcome the presumption of innocence; (2) the Petitioner was denied due process of law by the loss of the police file and photographs, the trier of fact's bias, and the trial judge's refusal to instruct the complainant to answer questions during cross-examination; and (3) the sentence is not proportional to the Petitioner who perceived himself to be acting in self-defense and suffered a severe beating.

The Court dismissed the petition, holding as to claim (1) that it could reasonably be concluded that there was sufficient circumstantial evidence to establish intent to kill and negate a claim of self-defense beyond a reasonable doubt. The Court further stated that the trial errors alleged in claim (2) did not result in constitutional violations. Regarding claim (3) the Court held that the sentence the Petitioner received did not lead to an inference of gross disproportionality, when compared to the crime.

After reviewing the Court's Order Accepting the Report and Recommendation, the Court finds that Petitioner has not shown that the Court's findings and conclusions of law are debatable among jurists and that the issues raised in the habeas petition deserve further proceeding. For the reasons set forth above and in the Court's May 26, 2005 Order dismissing the Petition, the Court finds Petitioner has made no substantial showing of a denial of a constitutional right or that

reasonable jurists would find the Court's reasoning debatable.

Furthermore, the Court issued its Order Accepting the Report and Recommendation on May 26, 2005, and the Petitioner filed his Motion for Certificate of Appealability on August 10, 2005, far beyond the thirty days required in Fed.R.App.P. 4(a)(1)(A). The Petitioner also did not file a motion to extend time within the time prescribed pursuant to Fed.R.App.P. 4(a)(5)(A)(I).

Accordingly,

IT IS HEREBY ORDERED that a Certificate of Appealability will NOT issue in this case.


   /s/   Denise Page Hood
DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE


DATED: October 25, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 25, 2005, by electronic and/or ordinary mail.

s/William F. Lewis
Case Manager

3